UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FROEDTERT SOUTH, INC.

    Petitioner,

v.

CHRISTOPHER STONE

    Respondent.

Case No. _____

---

## PETITION TO COMPEL ARBITRATION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT

Petitioner Froedtert South, Inc. ("Petitioner" or "Froedtert South"), by and through his attorneys, Krukowski Law Group, S.C., brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C, § 4 (the "Petition"), to compel the arbitration of the employment-related claims of Respondent Christopher Stone ("Respondent" or "Dr. Stone") in accordance with the arbitration provision in his Physician Employment Agreement (the "Agreement") with Froedtert South. For its Petition, Froedtert South alleges as follows:

### INTRODUCTION

1. This case arises from Respondent's breach of the Agreement, attached as EXHIBIT A, and unjust enrichment by receipt of salary and benefits paid to Respondent by Froedtert South under the Agreement, as well as for the damages Froedtert South sustained as a result of Respondent's willful and deliberate failure and refusal to work.

2. Contrary to the Agreement to establish full-time employment with Froedtert South, consisting of full-time office hours, including coverage schedules for weekends, evenings, nights

and holidays, and to work sufficient time as to substantiate base pay (see Agreement ¶ 1.3), Respondent wholly failed and refused to do so. Indeed, Respondent was required to work full-time at Froedtert South, including a minimum of Two Hundred Sixty (260) days of Emergency Department and Cardiothoracic Surgery Coverage responsibilities for the Cardiovascular Thoracic Surgery program per Agreement year. (See, Agreement ¶ 1.3). Instead, upon information and belief, Respondent worked for Cardiac Surgical Associates of Largo, which is affiliated with Largo Medical Center in Largo, Florida at the same time, spending much time traveling between his homes and neglecting his duties.

3. Though Respondent failed to perform the required hours or schedule, or accomplish the necessary Work Relative Value Units ("wRVU"), Respondent was compensated with a $50,000.00 sign-on bonus, $300,000.02 in gross wages through July 31, 2019, as well as additional gross wages of $2,324.12 for a modified wRVU calculation for August 1, 2019 through August 18, 2019. This is gross salary and wages of $352,324.14, in addition to other perquisites, insurance, and benefits of nearly $10,000.00. Indeed, based on a 15,000 wRVU per year basis, Respondent should have worked approximately 8,750 wRVUs during this time. Instead, Respondent performed only 1,681.1 wRVUs during the entirety of his employment. Though it is not a one-to-one ratio, this essentially equates to $112,072.94 at $66.67 per wRVU. Clearly, Respondent was unjustly enriched by and though the sign-on bonus, salary, and benefits as he had no intention of performing his work duties, or even remaining present in the state.

4. As a result of Respondent's failure to be present and breach of contract, in addition to his compensation, Froedtert South has incurred *locum tenens* expenses of more than $408,000.00 from April 15, 2019 through November 1, 2019. *Locum tenens* expenses incurred as a result of Respondent's breach of contract continue to accrue at a rate of $4,500.00 to $4,650.00 per day

based on the availability of qualified physicians. These are monies which Froedtert South was forced to pay to provide coverage when Respondent was absent without leave, and which have been paid as a result of Respondent's sudden resignation.

5. The relevant portion of the Agreement states as follows:

8. RESOLUTION OF DISPUTES.

If any controversy or dispute shall arise between or among any of the parties hereto in connection with, arising from, or with respect to this Agreement, or the rights and obligations of any party to this Agreement, then the resolution of such controversy or dispute shall be accomplished as follows:

8.1) Claims Excluded from Arbitration. In the event of a claim that Physician breached (or threatened to breach) any provision or covenant of Section 7, and/or any claim that System is entitled to any equitable remedy against Physician (including but not limited to injunctive relief), then the System shall have the right to pursue such claim and/or seek such equitable remedy by judicial process in any court of competent jurisdiction.

8.2) Claims Subject to Arbitration & Arbitration Procedures. Except as set forth in Section 8.1, in the event of a controversy or dispute which is not resolved by way of good-faith negotiations within ten (l0) days after such controversy or dispute shall arise, then such dispute or controversy shall be submitted to the American Arbitration Association ("AAA"). Any such dispute or controversy shall be heard by a single arbitrator, and shall be governed by the AAA Employment Arbitration Rules. *The arbitration locale shall be set in Kenosha, Wisconsin, and shall be processed through the AAA regional office covering Wisconsin, said AAA office currently being located at 150 N. Michigan Avenue, Suite 3050, Chicago, Illinois 60601.* The award and findings of such arbitrator shall be conclusive and binding upon all parties hereto, and judgment upon such award may be entered in any court of competent jurisdiction.

8.3) Attorneys' Fees. The prevailing party in any arbitration or litigation to enforce any provision of this Agreement shall be entitled to recover from the other party hereto costs and expenses incurred in relation to such arbitration or litigation proceeding, including but not limited to court costs, attorneys' fees and other reasonable arbitration and/or litigation expenses.

(emphasis added)

6. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Petitioner has sent a letter to Respondent dated November 12, 2019 regarding a settlement offer, attached at EXHIBIT B, and an arbitration demand letter dated December 6, 2019 notifying Respondent of the demand for arbitration and extending five (5) days to respond, attached as EXHIBIT C. Petitioner has not received a response to either letter to date.

7. Accordingly, Petitioner seeks an order from this court under the Federal Arbitration Act 9 U.S.C. § 4 compelling Respondent to arbitrate this dispute between the parties in accordance with the terms of the Agreement.

## PARTIES

8. Froedtert South is a corporation that is incorporated in Wisconsin and has its principal place of business in Kenosha, Wisconsin.

9. Upon information and belief, Respondent is an individual who resides in Clearwater, Florida. Upon information and belief, Respondent is a citizen of Florida.

10. At all relevant times, Respondent was an employee of Petitioner and expected to work in Kenosha, Wisconsin, however, Respondent resided in Clearwater, Florida and worked in Largo, Florida.

## Jurisdiction

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between a citizen of Wisconsin and a citizen of Florida and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper in the District Court of the Eastern District of Wisconsin because, pursuant to 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed to arbitrate any disputes between them. The parties agreed to bring any arbitration of a dispute in Kenosha, Wisconsin.

## Factual Allegations

13. On January 3, 2019, Respondent entered into the Agreement with Froedtert. It contains an arbitration provision which required him to arbitrate in Kenosha, Wisconsin all claims arising out of or relating to his employment with Froedtert South.

14. Since the date the Agreement was entered into, Respondent has wholly refused and failed to perform the duties detailed in the Agreement.

15. As a result of Respondent's refusal and failure to perform his duties, Respondent has suffered hundreds of thousands of dollars in damages.

16. Pursuant to the Federal Arbitration Act, 9 U.S.C. § 4, Petitioner has sent a letter to Respondent dated November 12, 2019 regarding a settlement offer, and an arbitration demand letter dated December 6, 2019 notifying Respondent of the demand for arbitration and extending five (5) days to respond.

17. Petitioner has not received a response to either letter to date.

## FIRST CLAIM
### (Order Compelling Arbitration Pursuant to 9 U.S.C. $ 4)

18. Petitioner Froedtert South repeats and realleges the allegations set forth in Paragraphs through 20 above as if fully set forth herein.

19. The Agreement is a valid and enforceable contract.

20. Dr. Stone voluntarily agreed to the terms of the Agreement, including the arbitration provision.

21. All of the claims brought by Froedtert South fall within the scope of the arbitration provision, which requires that any and all claims arising out of or relating to Dr. Stone's employment at Froedtert South be decided by mandatory arbitration at the AAA in Kenosha, Wisconsin.

22. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Respondent to arbitrate all claims arising out of the Agreement.

**Prayer for Relief**

Petitioner Froedtert South demands judgment as follows:

23. That the Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration of all claims before a mutually selected arbitrator and held in Kenosha, Wisconsin in accordance with the rules of the American Arbitration Association, as well as any and all other claims that could be brought against Dr. Stone that arise out of or relate to his employment at Froedtert South.

24. That the Court grant any other relief in favor of Froedtert South that it deems just and proper.

Dated: January 3, 2019

Respectfully Submitted,

/s/ Deborah A. Krukowski

Deborah A. Krukowski, Esq.
State Bar No. 1022409
Krukowski Law Group, S.C.
9875 W. Woelfel Rd.
Franklin, WI 53132
dkrukowski@krulawgroup.com
414-333-5287

Attorney for Petitioner
Froedtert South, Inc.